UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**TYRONE EARL WALTON**,

        Plaintiff,

  v.

**NICOLAS F. ARRENDONDO, MD,**
**medical surgeon; being sued individually**
**and in his official capacity**,

        Defendant.

Case No. 2:14-cv-00626-KI

OPINION AND ORDER

    Claire E. Poulin
    Claire E. Poulin Law LLC
    308 SW First Ave., Ste. 325
    Portland, OR 97204

        Attorney for Plaintiff

    Christopher J. Mertens
    Miller, Mertens & Comfort, PLLC

Page 1 - OPINION AND ORDER

    1020 N. Center Parkway, Suite B
    Kennewick, WA 99336

     Attorney for Defendant

KING, Judge:

  Plaintiff, an inmate at Two Rivers Correctional Institution ("T.R.C.I."), brings a civil rights complaint against Nicolas F. Arrendondo, M.D., the doctor who performed plaintiff's back surgery. Plaintiff's only remaining claim is that Dr. Arrendondo failed to provide sufficient information to allow plaintiff to give informed consent, in violation of the Fourteenth Amendment. Pending before me is Dr. Arrendondo's Motion to Dismiss for Improper Venue [22]. For the following reasons, I deny the motion and find venue to be proper in the District of Oregon.

## BACKGROUND

  Plaintiff alleges that in February 2010, he was transferred from T.R.C.I. in Umatilla, Oregon to Providence St. Mary Medical Center in Walla Walla, Washington. He alleges Dr. Arrendondo examined plaintiff's back and informed him that without surgery he would become paralyzed. Dr. Arrendondo explained that after the surgery there was a 6% chance plaintiff would experience pain with ejaculation. Plaintiff informed Dr. Arrendondo he would have to think about whether to undergo the recommended surgery.

  Plaintiff quickly concluded he would proceed with the surgery. He signed medical papers at the prison infirmary in March 2010.

  On June 15, 2010, at the Providence St. Mary Medical Center, Dr. Arrendondo performed back surgery on plaintiff which involved an incision in his groin area. Plaintiff alleges that as a

result of the surgery he cannot get an erection. In January 2011, plaintiff wrote Dr. Arrendondo from T.R.C.I. asking about the problem. Two months later, Dr. Arrendondo told him it might take 24 months to recover fully. Plaintiff alleges he has not fully recovered.

Plaintiff alleges that the risks of the surgery were not fully explained to him, and that he would have declined surgery had Dr. Arrendondo told him he may not be able to get a full erection.

I previously dismissed plaintiff's Eighth Amendment deliberate indifference claim on the ground that plaintiff failed to allege sufficient facts to support a reasonable inference that Dr. Arrendondo acted with deliberate indifference.

Dr. Arrendondo now moves to dismiss plaintiff's lawsuit for improper venue. Although Dr. Arrendondo initially moved to dismiss plaintiff's complaint for failure to state a claim, he has withdrawn that motion. Def.'s Reply 2, 4.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(3) permits a court to dismiss a claim for improper venue. Further, if a case is filed in the wrong district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

A civil action may be brought in a judicial district (1) in which any of the defendants reside, (2) in which a "substantial part of the events or omissions giving rise to the claim occurred[,]" or (3) if there is no district in which an action may be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b).

Page 3 - OPINION AND ORDER

Plaintiff bears the burden of demonstrating venue is proper in the district where he initiated suit.  Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). Venue may be established through evidence outside of the pleadings.  Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996).

## DISCUSSION

Dr. Arrendondo is now a resident of the State of Georgia.  Accordingly, my analysis focuses on whether a substantial part of the events or omissions giving rise to the claim occurred in the District of Oregon under 28 U.S.C. § 1391(b)(2).

The alleged constitutional deprivation–the right to reject medical treatment and the associated right to be provided all the information pertinent to making a decision to reject treatment–occurred in the Eastern District of Washington when Dr. Arrendondo met with plaintiff, described the procedure and the risks, and subsequently operated on plaintiff.  See Benson v. Terhune, 304 F.3d 974, 884 (9th Cir. 2002) (describing Fourteenth Amendment right to informed consent).  The cases on which plaintiff relies which discuss the harm felt by the plaintiff as a relevant factor in an Eighth Amendment analysis are irrelevant since I previously dismissed plaintiff's Eighth Amendment claim.  See Pl.'s Further Resp. in Opp'n to Def.'s Mot. to Dismiss 3 (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976) (denial of medical care resulting in pain and suffering); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) (discussing criteria which constitutes "serious" need for medical treatment)).  In sum, many of the events giving rise to plaintiff's Fourteenth Amendment claim occurred in the Eastern District of Washington.

Plaintiff contends I should consider venue proper in the District of Oregon because this is where he felt the harm of the alleged constitutional violation.  In addition, events leading up to the surgery occurred in the District of Oregon, such as medical care at the prison and review of medical papers associated with the surgery, and plaintiff initiated his letter communication to Dr. Arrendondo from the District of Oregon.  I agree with plaintiff that the harm he experienced from the alleged violation here in the District of Oregon is an important factor to consider.  Indeed, the Ninth Circuit commented the "locus of the injury [is] a relevant factor."  Myers v. Bennett Law Offices, 238 F.3d 1068, 1076 (9th Cir. 2001) (finding a "substantial part" of events occurred in Nevada, because "at least one of the 'harms' suffered by Plaintiffs"–mental distress from the invasion of privacy–occurred in Nevada); see also Metalmark NW, LLC v. Stewart, No. Civ. 04-682-KI, 2006 WL 488715, at *2 (D. Or. Feb. 28, 2006) ("Even if the conspiratorial acts took place on the East coast, the injury would be felt in Oregon.").  Further, several courts have discussed the need for a venue to have "some connection to the events at issue," not that the "majority of events take place" here.  Unicru, Inc. v. Brenner, No. Civ. 04-248-MO, 2004 WL 785276, at *12 (D. Or. Apr. 13, 2004) (citing Bates v. C & S Adjusters, Inc., 980 F.2d 865, 867 (2d Cir. 1992)).

While the Eastern District of Washington has a strong connection to plaintiff's claim, I nevertheless find venue is proper in the District of Oregon given that plaintiff felt the brunt of the alleged harm from Dr. Arrendondo's acts or omissions here in Oregon.  Additionally, in the end, it makes no practical difference to Dr. Arrendondo, who is no longer living in Washington, whether the case remains here or is transferred; it makes a great deal of difference to plaintiff

who is imprisoned in Oregon and who has been appointed pro bono counsel to litigate his claim here.

## CONCLUSION

For the foregoing reasons, the portion of Dr. Arrendondo's Motion to Dismiss for Failure to State a Claim is voluntarily withdrawn, and I deny Dr. Arrendondo's Motion to Dismiss for Improper Venue [22].

IT IS SO ORDERED.

DATED this   6th   day of April, 2015.


                                            /s/ Garr M. King
                                            Garr M. King
                                            United States District Judge